JASPER EDDE v. PASH-PAH-O, *a Minor*, JAMES BARTHOLOMEW, *as Guardian of Pash-pah-o*, A. F. MARTIN, *Guardian ad litem of Pash-pah-o*, AND F. M. WILSON.

No. 196.

1. KICKAPOO INDIAN LANDS — *descent of, governed by Kansas laws.* Under the second section of chapter 897 of the Acts of the Forty-ninth Congress of the United States, entitled "An Act to provide for the settlement of the estate of deceased Kickapoo Indians in the State of Kansas, and for other purposes," approved August 4, 1886, (U. S. Stat. at Large, vol. 24, p. 219,) lands patented by the United States to a deceased allottee of the Kickapoo Indians in Kansas descend to the heirs of said allottee in accordance with the line of descent provided by the laws of the State of Kansas.

2. DESCENT OF INDIAN LANDS — *Congress has power to prescribe, without consent of tribe.* Congress has the power to enact such a law as the one in question.

3. JOINDER OF CAUSES OF ACTION — *actions for partition and for rents and profits may be joined.* An action for the partition of real estate may be joined with an action for the recovery of the rents and profits thereof.

Error from Brown District Court. Hon. J. F. Thompson, Judge. Opinion filed April 30, 1897. *Reversed*.

This action was brought by plaintiff in error against defendants in error for partition and for the rents and profits of certain lands.

Plaintiff and defendants claimed from a common source of title, Qua-is, a Kickapoo Indian woman, who was the allottee and patentee of the land. She had been married twice. Prior to 1888 she died a widow. By her first marriage she had one child who died leaving neither wife nor issue. By her second marriage she had two children, one of whom died leaving neither wife nor issue; the other is the defendant Pash-pah-o. Qua-is had been divorced from each of her husbands. These divorced husbands, each claiming an individual one-third interest in the land as heirs of Qua-is through their deceased children, conveyed their interests to the plaintiff in error. Plaintiff in error contended that under the laws of Congress the lands descended according to the laws of Kansas and that the distribution should be made accordingly.

The defendant in error Pash-pah-o met this contention with the claim that, under certain customs of the tribe to which he belonged, he was the sole and only heir of his mother. He interposed as a further defense that the acts of Congress providing for the descent and distribution of those lands according to the laws of Kansas were void, because Congress had no power to enact such laws. The defendant further contended that, the Probate Court having regularly administered upon the estate of Qua-is and found that the defendant Pash-pah-o was the sole heir of his mother, plaintiff in error was concluded thereby.

Plaintiff in error had joined his action for partition with one for rents and profits. A demurrer for misjoinder having been sustained, he excepted.

The court below found generally for the defendant in error.

*W. F. Guthrie*, for plaintiff in error.

*A. F. Martin*, and *James Falloon*, for defendants in error.

WELLS, J. We have examined the evidence tending to prove the customs of the Kickapoo Tribe of Indians, and it appears too vague and uncertain to furnish a title to real estate. It is claimed by the defendants in error that the rights of the plaintiff were determined by the decision of the Probate Court of Brown County, made in the final settlement of the personal estate of said Qua-is. The contention is, that the Probate Court decided that Pash-pah-o was the sole heir at law of Qua-is, and that, having so decided, its decision was, as to that matter, *res adjudicata*. The Probate Court record, offered in evidence, does not show that any such question was determined by the Probate Court nor presented for its determination. It simply shows that the administrator presented a receipt pretending to be signed by the guardian of the sole heir at law of the decedent, and that thereupon it was ordered that the administration be closed. But had the record shown that the facts as assumed were determined by the Probate Court, that determination would not have been binding as to realty.

*Probate judgment binds personalty only.*

"A judgment against the administrator binds the estate under administration, but it does not bind the heir at law of the real estate, because the real estate constitutes no part of the assets under administration." *Nichols v. Day*, 32 N. H. 133 ; 64 Am. Dec. 360.

See also American and English Encyclopedia of Law, vol. 21, p. 144 ; Black on Judgments, vol. 2, § 560.

118          EDDE V. PASH-PAH-O.

N. Dept.          Opinion.  Wells, J.          5 Kan. App.

The second section of the Act of Congress of 1886, chapter 897; (U. S. Stat. at Large, vol. 24, p. 219,) under which plaintiff in error claims, reads :

"That where allottees under the aforesaid treaty shall have died, or shall hereafter decease, leaving heirs surviving them, and without having obtained patents for lands allotted to them in accordance with the provisions of said treaty, the Secretary of the Interior shall cause patents in fee simple to issue for the lands so allotted, in the names of the original allottees, and such allottees shall be regarded, for the purpose of a careful and just settlement of their estates, as citizens of the United States and of the State of Kansas ; and it shall be competent for the proper courts to take charge of the settlement of their estates, under all the forms and in accordance with the laws of the State of Kansas, as in the case of other citizens deceased ; and where there are children of allottees left orphans, guardians for such orphans may be appointed by the probate court of the county in which such orphans may reside ; and such guardians shall give bonds, to be approved by the said court, for the proper care of the person and property of such orphans, as provided by law."

*1. Descent of Kickapoo Indian lands governed by Kansas laws.*

Under this section, so far as the settlement of her estate and the distribution of her property, real and personal, is concerned, the deceased allottee is to be considered a citizen of the United States, and of the State of Kansas ; and distribution is to be made accordingly.

In the brief of the defendants in error, the question is asked : "Could Congress enact a law, without the consent of the Kickapoo Tribe, prescribing descents and distributions of real estate?" We think undoubtedly it could. Unless some constitutional prohibition exists, the United States can certainly control the title to property

*2. Congress can prescribe descent of Indian lands.*

within its own limits. This is one of the incidents of sovereignty, and our attention has been called to no authority disputing the power. As bearing on this question somewhat, see *Logan v. Comm'rs of Clark Co.,* 51 Kan. 747.

Complaint is also made by the plaintiff in error that the court erred in sustaining the demurrer of the **3. Joinder of causes of action.** guardian to the fourth cause of action of his petition. We think this complaint is well founded. Under our law an action for partition of real estate and for the recovery of the rents and profits thereof can be properly joined. *Scarborough v. Smith,* 18 Kan. 405; *Scantlin v. Allison,* 32 id. 376, and *Black v. Drake,* 28 id. 483.

The judgment of the court below will be reversed and a new trial of the issues herein is ordered.