# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1902.

### PRESENT:

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON,
Hon. WILLIAM R. SMITH,
Hon. EDWIN W. CUNNINGHAM, } Justices.
Hon. ADRIAN L. GREENE,
Hon. ABRAM H. ELLIS,
Hon. JOHN C. POLLOCK,

MAGDALENE DENTON v. MELVINA FYFE *et al.*

No. 11979. (68 Pac. 1074.)

PARTITION—*Joinder with Ejectment.* A joint tenant or tenant in common out of possession cannot maintain a suit for partition against his cotenants who hold adversely to him without joining with the demand for partition a cause of action for possession of the land.

Error from Doniphan district court; H. M. JACKSON, judge *pro tem.* Opinion filed May 10, 1902. Reversed.

*Albert Perry,* and *A. S. Brewster,* for plaintiff in error.

*Ryan & Reeder,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This was an action of partition brought in the court below by one tenant in common against her cotenants. The real estate in controversy con-

1—65 KAN.

sists of several tracts of land which, at the commencement of the action, were in the possession of defendants below. The petition contains no demand for possession. The question arises on these facts whether the action can be maintained. In *Scarborough v. Smith,* 18 Kan. 399, it was held that in such actions there may properly be joined a claim for possession. The question presented seems not to have been decided by this court in a case where it was directly involved. Under our statute, a partition suit has relation solely to a division of real estate, according to the respective interests of the claimants. The nature of the proceeding and the relief that may be afforded are shown by the following sections of the code :

"When the object of the action is to effect a partition of real property, the petition must describe the property, and the respective interests of the owners thereof, if known." (Gen. Stat. 1901, § 5101.)

"The answers of the defendants must state, among other things, the amount and nature of their respective interests. They may also deny the interests of any of the plaintiffs or any of the defendants." (Id. § 5104.)

"After the interests of all the parties shall have been ascertained, the court shall make an order specifying the interests of the respective parties, and directing partition to be made accordingly." (Id. § 5105.)

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition betwen the parties, and to secure their respective interests." (Id. § 5116.)

Section 5084, General Statutes of 1901, found under the title of "Actions concerning real property," reads :

"In an action by a tenant in common of real property against a cotenant, the plaintiff must . . . state in his petition that the defendant either denied the plaintiff's right, or did some act amounting to such denial."

It is a settled doctrine of the common law that one joint tenant or tenant in common cannot maintain a suit for partition unless he be in possession or seized of the lands when the suit is brought. (*Adam v. The Ames Iron Company and others*, 24 Conn. 230; Tied. Real Prop. § 262.) In states having a code like ours the rule of the common law has been adhered to. (*Hutson v. Hutson*, 139 Mo. 229, 40 S. W. 886.) In *Estes v. Nell*, 140 Mo. 639, 650, 41 S. W. 940, 941, it was said:

"It is well established in this state that where one is in the possession of land claiming it adversely against all others, one out of possession cannot maintain a suit against him for partition without first establishing his right in an action of ejectment, but after having done so he may maintain his action for partition against the person or persons in possession."

See, also, *London v. Overby and wife*, 40 Ark. 155; *Hardy v. Mills*, 35 Wis. 141; *Weston v. Stoddard et al.*, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, and note on page 626. In the case last cited, it was held that prior to 1880, under the statutes of New York, a tenant in common of real property must wait until he has gained possession in an action or proceeding at law before he can insist upon a division of the property between himself and his cotenants. The case was decided, however, in 1893, under a statute which authorized the litigation in an action of partition of all questions of title between cotenants and their privies who might be parties to the action. In California it was held, under a code of that state, that a tenant in common who had never been in occupancy of the land might maintain a suit in partition against a cotenant whose possession was adverse or hostile. In the opinion, the court said that their code declares that any right, title or interest in the land may be put in

issue, tried and determined in the action. (*Martin v. Walker*, 58 Cal. 590.) See, also, *Peterson v. Fowler*, 73 Tex. 524, 11 S. W. 534.

In the case of *Delashmutt v. Parrent*, 39 Kan. 548, 557, 18 Pac. 712, 717, while the point raised here was not directly involved, the court said:

"The title of the plaintiff being disputed, ejectment was the appropriate if not the only remedy which could be employed to determine the title of the adverse claimants to the property. The theory of partition is, that there is a common and undisputed ownership by which the share of each owner is to be set off, or, if partition cannot be made, the court may permit any one of the owners electing to take the same at an appraised value, or may order a sale of the property and a division of the proceeds among the parties according to their respective interests. Some of the courts have gone to the extent of holding that the title of parties owning common property and claiming adversely must first be established by ejectment before partition proceedings can be maintained. (Sedgw. & W. Title to Land, § 166.) Under our code, however, *the fact that the property is held adversely to the plaintiff will not defeat an action of partition when brought in connection with or as part of another action for the recovery of real property.* Under our rules of pleading, the two causes of action may be united in one action, or they may, when so pleaded, and no objection is made, be treated as a single cause of action. (*Scarborough v. Smith*, 18 Kan. 399.)"

We are clear that the petition in this case did not state a cause of action, and for that reason the judgment of the court below must be reversed. A plaintiff in a suit of this kind, to obviate a multiplicity of actions, ought to have his possessory rights determined in the same proceeding where partition is prayed for. Two actions are unnecessary where complete relief can be obtained in one.

On the other questions involved, we think, under the findings of fact, that the conclusions of law were correct.    There was no valid delivery of the deeds executed by Walter Burrell which were found in his house at the time of his death.

The objection to the service upon the minors who were defendants below is highly technical, and, as no objection was made to it in the trial court, it cannot be considered here.    It appears that the minors were personally served with summons.    This is not denied. If the objection had been made in the court below, an amendment of the return of the sheriff could have been made.

The judgment of the district court will be reversed and the cause remanded for a new trial.

CUNNINGHAM, GREENE, POLLOCK, JJ., concurring.