A. B. CHANDLER V. WILLIAM RICHARDSON *et al.*

No. 12,672.    (69 Pac. 168.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Ejectment and Partition—Joinder of Causes of Action.* One out of possession cannot maintain an action for partition of real property against one in possession claiming title to the entire property, unless he first establishes his title and right of possession to a portion of the property in an action for the recovery of real property, or joins a cause of action for the recovery of real property with his action for partition. The reason for the rule stated, and *Denton v. Fyfe,* ante, p. 1, 68 Pac. 1074, followed.

2. WILLS—*Production and Admission to Probate—Election of Widow.* Where a will is deposited in the office of the probate judge by the testator, and after his death the will is produced in open court, opened and read in the presence of the devisees of the real property described therein, one of the witnesses to the will, and another, and an entry is made upon the will by the probate judge of the election of the widow to take under the will, and that the will is admitted to probate, *held,* that the property passed under the will and did not descend to the heirs of the testator.

Error from Lincoln district court; R. F..THOMPSON, judge.    Opinion filed June 7, 1902.    Affirmed.

*David Ritchie,* and *George D. Abel,* for plaintiff in error.

*C. B. Daughters,* and *G. M. Weeks,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. : In the year 1880 one John Blount died testate, seized of 160 acres of land.   By the terms of his will this land was devised to his son, Josiah Blount, charged with the maintenance of his widow, Bashaba Blount, during her life.   Soon after the will was made it was by the testator deposited in the office of the probate judge of the county, and the following entries with reference to this will were entered upon the records in that court :

"November 12, 1874.   Received of John Blount one will for record.   Said will was received the 12th day of November, 1874, at twelve o'clock M.   WILLIAM M. HEDRICK, *Probate Judge.*

"March 27, 1879.   The above called for by John Blount and delivered to him this date.   G. M. WELLMAN, *Judge.*

"March 27, 1879.   Received this day of John Blount one will, which was duly filed.   G. M. WELLMAN, *Probate Judge.*"

The above entries were made in book "A" of wills. The following entries were made upon the will :

"The seal to the above written will of John Blount was broken and said will opened and read in open court on the 4th day of February, 1880, at my office in Lincoln Center, Kansas, in the presence of and at the request of Bashaba Blount and Josiah Blount, and also in the presence of M. C. Springer and A. S. Robinson, and at the same time and place the said Bashaba Blount, widow of John Blount, deceased, did accept under said will the conditions of the same as regards her portion and allowance in and to said estate, and in the presence of the witnesses above named.

"Witness my hand and seal, the 4th day of February, A. D. 1880.   G. M. WELLMAN, *Probate Judge.*

"STATE OF KANSAS, LINCOLN COUNTY.

"This instrument filed and admitted to probate February 4, 1880. Opened in open court, and read before Bashaba Blount and Josiah Blount, and also M. C. Springer, one of the witnesses to this will.

G. M. WELLMAN, *Probate Judge*.

After the death of John Blount, the farm passed into the possession of his widow and son Josiah, who in the year 1887 executed a mortgage thereon, which mortgage was foreclosed and the land sold to defendant in error Richardson, who received a deed and took possession thereunder. In the year 1898, Chandler purchased and took title by quitclaim deed from the remaining heirs of John Blount, the same being eight children by a former wife, to their undivided interest in the land in question, and commenced this action of partition, claiming to be the owner of an undivided four-ninths of the property. After the commencement of this action the will was again formally proved and admitted to probate in the probate court of the county. At the trial plaintiff demanded a jury trial, which demand was refused. The case was tried by the court; judgment was entered for defendant; and plaintiff brings error.

Two questions arise for our determination upon this record. It is first insisted that this action was brought to recover specific real property; that plaintiff was, upon the demand made, entitled to a trial by jury, under section 266 of the civil code (Gen. Stat. 1901, § 4713), which provides: "Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived," and that the denial of this right constitutes prejudicial error.

It is true, in an action brought for the recovery of

specific real property a party is entitled to a jury trial, and it is error to refuse a jury in such case; but this is not an action to recover real property. It is an action of partition by one out of possession, asserting an interest against one in possession claiming title to the entire property adversely to all others.   In such case an action of partition cannot be maintained unless the right to recover an interest in the property has been first established in a prior action for the recovery of real property, or unless a cause of action for the recovery of real property be united with the action of partition. (*Denton v. Fyfe*, ante, p. 1, 68 Pac. 1074.)   The reason for this rule is apparent.   The right to trial by a jury cannot be denied in an action in ejectment or for the recovery of real property.   In such case a second trial, when demanded, under the statute is a matter of right. The action of partition is an equitable action, properly triable by the court.   In such a case a jury is not a matter of right.   Special questions of fact may, in the discretion of the court, be submitted to the jury.   Their findings thereon, however, are not binding upon the court but are merely advisory.   If it were permissible for a party out of possession, claiming an undivided interest in real property, to bring and maintain an action of partition against a party in possession, claiming to own the entire estate adversely as against the world, without either having first established his right to recover a portion of the property in a prior action or joining an action for the recovery of real property with his action for partition, the trial court could, without error, deny a jury trial in such partition case and the defendant would be thus indirectly and in effect deprived of a jury trial in an action for the recovery of real property, in which a jury is demandable of right, and would also be de-

nied a second trial in ejectment under the statute.
For this reason, a simple action in partition, as in the
case at bar, cannot be maintained by one out of pos-
session against one in possession claiming the entire
estate, unless his right to some portion of the property
is first established in an action for the recovery of real
property, or unless an action for the recovery of real
property be joined with the action of partition.   Mr.
Justice Brewer, in speaking of an attempt to litigate
the title and right to possession of real property by suit
in equity, in *Bodwell v. Crawford*, 26 Kan. 292, 40 Am.
Rep. 306, said :

"The reasons for this are familiar to every lawyer.
In equity neither party is of right entitled to a jury,
but the constitution preserves inviolate the right of
trial by jury as it exists at the common law, and an
action for the recovery of real estate is one in which
at common law. parties are entitled to a trial by jury.
They have a right to the verdict of a jury upon the
questions whether plaintiff was owner, whether the
defendant was in possession, and whether, if so, the
possession was unlawful." (*Scarborough v. Smith*, 18
Kan. 399 ; *Delashmutt v. Parrent*, 39 id. 548, 18 Pac.
712.)

Again, the purchase was made, the action com-
menced and the trial by plaintiff in error had upon
the theory that the devisees in the will, the widow
and son Josiah Blount, had withheld the will from
probate for a period of more than three years, and as
a consequence, under sections 7966 and 7967, General
Statutes of 1901, the property did not pass to the
devisees under the will, but descended to the heirs-at-
law of the deceased.   These sections read as follows :

"No will shall be effectual to pass real or personal
estate unless it shall have been duly admitted to pro-
bate or recorded as provided in this act.

Chandler v. Richardson.

"No lands, tenements or hereditaments shall pass to any devisee in a will who shall know of the existence thereof, and have the same in his power and control for the term of three years, unless within that time he shall cause the same to be offered for or admitted to. probate ; and by such neglect the. estate devised to such devisee shall descend to the heirs of the testator."

We are of the opinion that this contention cannot be sustained. While the record made is meager in the extreme, yet sufficient appears therefrom to show that the will was not withheld from probate, but was, upon application made to the probate judge, the proper custodian under the law, shortly after the decease of the testator, produced, opened and read in open court, in the presence of one of the attesting witnesses, the devisees of the property, and another ; and that the widow made her election to take under the will, and a record of its admission to probate was entered upon the will. From these entries, while the same should have been made in a more formal way upon the records of the court, yet it sufficiently appears that the court considered and determined the question of admitting the will to probate, and did admit the will to probate. The order so made is as binding and conclusive as though entered in a more formal manner. In our opinion, the real estate in controversy passed under the will and did not descend to the heirs of the testator. (*Allen v. Allen*, 28 Kan. 18.)

It follows, from what has been said, that the plaintiff could not maintain the action brought, and that the judgment of the district court is right upon the merits, and must be affirmed.

SMITH, GREENE, JJ., concurring.