PAULINA MOOREHEAD v. ABNER ROBINSON AND AMANDA HINES.

No. 13,496. (75 Pac. 503.)

SYLLABUS BY THE COURT.

1. PARTITION — *Tenants in Common — Petition Must Demand Possession.* A joint tenant or tenant in common out of possession cannot maintain a suit for partition against his cotenants who hold adversely to him, without joining with the demand for partition a cause of action for possession of the land. (*Denton v. Fyfe*, 65 Kan. 1, 68 Pac. 1074, 93 Am. St. Rep. 272, cited and reaffirmed.)

2. PRACTICE, DISTRICT COURT — *Objections Waived — New Trial.* In an action for partition of premises, where the petition avers that the parties are tenants in common, and it is not expressly averred that plaintiffs are in possession, and there is not joined with the demand for partition an action for the possession of premises; and where the defendant answered, claiming title and possession, asking that title be quieted as against the claims of plaintiffs; and the sufficiency of plaintiff's petition was not chal-

lenged in any manner by defendant in the trial court: *Held*, that defendant thereby waived all objections to the sufficiency of said petition.  *Held*, also, that defendant was not entitled to a new trial, as a matter of right, under section 5086, General Statutes of 1901.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge.   Opinion filed February 6, 1904.   Affirmed.

*J. W. Jenkins,* and *McGrew, Watson & Watson,* for plaintiff in error.

*I. F. Bradley,* for defendants in error.

The opinion of the court was delivered by

ATKINSON, J.  This was an action brought by Abner Robinson and Amanda Hines against Paulina Moorehead and Jane Moore in the court of common pleas of Wyandotte county for the partition of lots 26, 27, 28, and 29, of block 169, in the city of Wyandotte, now a part of Kansas City, Kan.  Plaintiffs in their petition alleged that they were seized, in fee simple, of an undivided one-fourth interest in the lots, and prayed for partition of said premises.  Defendant Jane Moore was in default of pleading.  Defendant Paulina Moorehead answered by a general denial, by a claim of possession and ownership, and by interposing the statute of limitations against the claim of plaintiffs and against defendant Moore.  Plaintiffs denied the allegations of defendant's answer inconsistent with the averments of their petition.  Upon the issues thus framed the case was tried before the court. Certain facts were agreed upon by counsel in open court.  Upon the trial testimony was offered by both plaintiffs and the defendant Moorehead.  The court, upon the agreed facts and the testimony offered,

found that plaintiffs and defendants inherited the property in controversy from a common ancestor and were the owners in fee simple of an undivided one-fourth each as tenants in common, and entered judgment of partition. Defendant Paulina Moorehead excepted to the findings and judgment of the court, and now brings the case to this court for review.

The petition not having alleged in express terms that plaintiffs were in possession of the premises in controversy, and plaintiffs not having in said petition joined with their demand for partition an action for the possession of the premises, defendant assigns error in that the plaintiffs were permitted by the court to maintain this action. In support of her claim of error, defendant cites the cases of *Denton v. Fyfe*, 65 Kan. 1, 68 Pac. 1074, 93 Am. St. Rep. 272, and *Chandler v. Richardson*, 65 id. 152, 69 Pac. 168. In the case of *Denton v. Fyfe*, supra, it was said:

"A joint tenant or tenant in common out of possession cannot maintain a suit for partition against his cotenants who hold adversely to him without joining with the demand for partition a cause of action for possession of the land."

In the case of *Chandler v. Richardson*, supra, this doctrine was reaffirmed.

The doctrine promulgated by these cases has become the settled rule of practice in this state. The reason therefor is manifestly clear. The parties to an action of this kind, to obviate a multiplicity of suits, ought to have their possessory rights determined in the same proceeding. Two actions are wholly unnecessary; complete relief can be obtained in one.

The record in this court discloses that the sufficiency of plaintiffs' petition was not assailed by motion, by demurrer, or by an objection to the intro-

duction of testimony under it; nor was it sufficiently challenged by defendant in any manner in the court below.   Defendant thereby waived all objections to the sufficiency of said petition, and cannot now raise the question of its sufficiency in this court.

The next assignment of error is that the court in its findings and judgment disregarded certain facts admitted by counsel in open court.   It is claimed by defendant that it was agreed by counsel for plaintiffs in open court that there had been executed and delivered to defendant by her father a deed to the premises in controversy and that the same had not been recorded and was lost.   An examination of the record does not disclose this fact to have been agreed to by counsel for plaintiffs, as claimed by defendant.   The statement of counsel, as shown by the record, is that defendant Moorehead *claimed* such to be the fact.   It would appear that all parties upon the trial so understood the matter.   The question of whether such a deed had in fact been made and delivered was the principal issue contested upon the trial.   In fact, this claim of defendant, together with her claim that she had been in open and notorious possession of the premises in controversy, occupying the same as a homestead for more than twenty years, were the only issues seriously contested.   As to these the evidence was conflicting, both parties offering the testimony of numerous witnesses.   The findings and decision of the trial court upon conflicting testimony are conclusive against the defendant in this court.

The only other assignment of error insisted upon by defendant is that the trial court committed error in overruling the motion of defendant for a new trial. The claim of defendant that she was entitled to a new trial as a matter of right cannot be maintained.   The

action on the issues as framed was not one entitling defendant to a new trial as a matter of right, under section 5086, General Statutes of 1901, for the recovery of real property. On the hearing of the motion for a new trial affidavits were filed and read by plaintiffs and defendant. Defendant endeavored by affidavits to show newly-discovered evidence as to the execution and delivery to her of the deed by her father; also statements made by her father tending to show that he had executed and delivered, or contemplated executing and delivering, to her such a deed. Plaintiffs filed and read counter-affidavits. These affidavits are before us in the record. The evidence offered by them is mostly cumulative. There is little, if anything, in the affidavits of defendant that can properly be termed newly-discovered evidence. Very little diligence is shown on the part of defendant to procure and have for use at the trial the testimony claimed to be newly-discovered material evidence. We believe the trial court committed no error in overruling defendant's motion for a new trial.

The judgment of the court below is affirmed.

All the Justices concurring.