**Viola WILSON, Appellant,**

v.

**L. B. HARTMAN, Appellee.**

**No. 47939.**

Supreme Court of Oklahoma.

Jan. 27, 1976.

Michael A. Cawley, of Fischl, Culp, McMillin, Kern & Cawley, Ardmore, for appellant.

W. Lawrence Eakin, Jr., of Milor, Eakin & Burns, Marietta, for appellee.

DOOLIN, Justice.

This appeal involves the question of whether property held in joint tenancy by a husband and wife retains its character of joint ownership after a divorce decree is entered if such decree does not specifically dispose of the property and there has been no contract of property settlement incorporated into said divorce decree. We hold that it does.

Viola Hartman Wilson, plaintiff, and L. B. Hartman, defendant were married in 1948. During their nineteen years of marriage they operated a farm together, raising cattle and peanuts. In May of 1965, they acquired joint tenancy warranty deeds to two tracts of land, one of which included portions of the minerals, the other, surface rights only. One of these tracts was entirely paid for prior to the acquisition of the other, but was used as additional collateral for the purchase of the second. Deeds to both tracts created a joint tenancy with right of survivorship and both parties executed the mortgage. It is the ownership of these two tracts of land that is the subject of this law suit.

In April of 1967, the couple obtained a decree of divorce. They consulted an attorney together and although the wife signed the short verified petition, she

claims she never appeared in court or saw the decree until she received a copy in the mail after the judgment had been entered. Neither the petition nor the decree made any mention of the jointly held tracts of land. Neither party appealed from the divorce decree and the judgment is final. Wife has since remarried.

Upon the advice of the judge granting the divorce, the husband attempted to prevail upon his ex-wife to execute a quitclaim deed in his favor as to her interest in the property. She refused. In March 1971, four years after the divorce decree, the parties exercised their jointly held rights of ownership by executing a general warranty deed to one acre of the property in favor of their son. In the interim the wife executed an oil and gas lease and later an assignment of the income from it to the F.H.A. The husband has paid the taxes, the mortgage payments, made improvements and has had exclusive use and benefit of the property, retaining the profits for himself.

In November of 1973, plaintiff wife commenced the present action asking for partition of the surface of the land and further that the mineral interest owned by the parties not be partitioned but rather the joint tenancy terminated and parties be decreed to hold such interest as tenants in common.

Defendant husband in his answer admitted the joint tenancy but claimed the divorce proceedings vested all ownership of the property in him and prayed that partition should be denied and the title in and to said real property be adjudged to be his solely owned property. Plaintiff's motions for summary judgment and later for a directed verdict were denied and the court issued judgment in favor of the defendant husband. Plaintiff appeals to this Court.

It is not contested that the two tracts of land, 300 acres in all, were held in joint tenancy prior to the divorce and record title remains as such. Plaintiff claims that since the divorce proceedings made no pro-

vision as to the division of the property, it is still jointly held by defendant and herself and she has an absolute right to partition.

Defendant alleges an oral agreement between the parties that he was to receive the property and further that his subsequent acts take the agreement outside the requirements of the Statute of Frauds, citing *Waters v. Stevens*, 198 Okl. 162, 176 P.2d 808 (1947), which holds specific performance may be used to enforce an oral contract for conveyance of land, where the moving party has fully performed his side of the contract. In that case, as here, husband and wife held the property in question as joint tenants prior to the divorce. However, in *Waters* the husband and wife had appeared before a notary stating they were dividing their property. At the same time they signed a written agreement declaring separate ownership of certain property and stating the location of two tracts of real estate. The husband performed his part of the agreement to divide the property by executing and delivering deeds to his wife but his wife did not reciprocate. The Court held the husband had the right in equity to require compliance with the agreement and to compel a conveyance by his ex-wife.

Plaintiff denies the existence of an agreement and distinguishes *Waters* in that, unlike the wife there, she at no time agreed that her husband was to have sole ownership of the property. She at all times claimed ownership of the property and is ready, willing and able to pay her share of the taxes and mortgage.

■ There is no indication that any type of division of the property or the assumption of the indebtedness was ever discussed at the meeting with the attorney prior to the divorce. Defendant bases his claim of an oral property agreement on this statement in the divorce petition:

"Plaintiff further alleges and states that the parties hereto have agreed on property settlement and support and plaintiff

does not ask the court for judgment in connection with the property and support."

He feels that this together with the finding in the decree "that all material acts alleged in plaintiff's petition are true" indicates that a property settlement was agreed upon. Defendant at trial attempted to prove the existence of an oral contract for the division of the property by testimony as to various conversations. In one conversation plaintiff told her son, "All I want is out, I don't want nothing but to leave." Another time defendant asked her what she wanted and in response to her question, "What do we have?" he replied, "Nothing." Her statement was "Well, it's pretty hard to divide nothing."

■ An oral contract to devise or as in our case to convey real estate is suspect and evidence to establish it must be weighed in a careful manner. "He who claims under such an alleged oral agreement must show a clear and *mutual* understanding and a positive agreement of *both* parties to the terms of the contract, and if the language employed by the parties leaves their intention in doubt, or if there is uncertainty in regard to what was intended, a court of equity will not undertake to decree specific performance." (Emphasis supplied). *York v. York,* 270 P.2d 656, 658 (Okl.1953).

■ Plaintiff is unequivocal in her denial of the existence of any agreement or of any intention on her part to relinquish her interest. When she left the home she took only her personal belongings and $500.00 in cash. It is unbelievable, as well as unproved, that she would intend this to be the total property settlement after nineteen years of marriage. Evidence of an oral property settlement is totally lacking. When evidence of an alleged oral agreement is not so sufficiently clear, cogent and forcible as to leave no reasonable doubt as to its terms and character, a decree of specific performance is unwarrant-

ed. *Majors v. Majors,* 263 P.2d 1012 (Okl.1953).

■ Defendant's reliance on his subsequent acts to enforce the alleged oral contract also fails. These acts could not create the agreement. Before such acts might grant relief from compliance with the Statute of Frauds, there must have been some agreement or contract to enforce. Having determined that no oral contract for property settlement existed, we find it unnecessary to consider whether defendant's acts since the divorce decree were adequate to make an oral agreement enforceable.

Absent a provision in the decree, whether divorce in and of itself effects the character of property held in joint tenancy by husband and wife, has not been decided in Oklahoma. Jurisdictions generally hold that it remains in joint tenancy or rests in the spouses equally as tenants in common. See *Collier v. Collier,* 73 Ariz. 405, 242 P. 2d 537 (1952), *Witzel v. Witzel,* 386 P.2d 103 (Wyo.1963), 27A C.J.S. Divorce § 180(3) (1959) and cases cited therein.

■ Since the divorce decree itself in no way divided the property and we find no contract of property settlement existed, it was improper for the trial court to vest sole ownership in defendant. Whether the estate changed from one of joint tenancy to that of tenancy in common is not material and we do not decide it at this time.

■ A joint owner's right to partition is absolute. *Keel v. Keel,* 475 P.2d 393 (Okl.1970). Defendant does not hold adversely to plaintiff, she has the required right to possession, and is entitled to partition. See *DeMik v. Cargill,* 485 P.2d 229 (Okl.1971), *Chouteau v. Chouteau,* 49 Okl. 105, 152 P. 373 (1915).

■ Plaintiff desires partition of the surface without disturbing the oil and gas interest other than declaring it to be held jointly by the parties as tenants in common. This is proper under Oklahoma law. See *Erwin v. Hines,* 190 Okl. 99, 121 P.2d

612 (1942), *Wolfe v. Stanford,* 179 Okl. 27, 64 P.2d 335 (1937).

Reversed and remanded to the trial court with instructions to partition land in question in accordance with 12 O.S.1971, § 1501 et seq.

All the Justices concur.