## Thomas Rogers & al. appellants from a decree of the Judge of Probate.

A will, made and executed *jointly* by husband and wife, devising estate of which he was *sole owner*, was, on his death, sustained as a valid will of the *husband alone.*

This was an appeal from a decree of the Judge of Probate for this County, approving and allowing the last will and testament of *John Grace*.

The instrument was executed by said *John Grace* and *Hannah Grace*, his wife, as their *joint* will; but it was admitted, that the husband died sole seised of the property devised, and that *Hannah Grace* was still living.

The 2d and 3d reasons of appeal filed in the Probate Court, being the only ones material to be stated were, that, the will ought not to be proved, approved and allowed, "Because, that the said will was made jointly with one *Hannah Grace*, and the said *Hannah is now in full life.*" And "because, the said will purports and in legal construction is a *joint will*, and therefore void in law.

*Mitchell* and *Tallman*, for the appellants.

This is not the will of *John Grace*, but of him *and another*. It is joint throughout — in its *commencement* — its *bequests* — the *limitation* of the property — and its *publication*. This cannot be changed by parol or otherwise. A will must be construed by its terms. This then is the will of *John* and *Hannah Grace*. But the latter was a *feme covert* and had no power to make a will to convey real estate. And if the will be void as to one it is void as to both. In this case no publication has been made by *one* — no devise by *one* — no limitation by *one* — nor has one the *power of revocation.*

A *joint will* is in all cases a void will — there can be no such thing. All the necessary ingredients of such mode of conveyance are lost if a joint will can be supported. The power of *revocation* is gone. *One* might wish to revoke, when the *other* would not — the *will* and purpose of the first would then be defeated. If it be said that a revocation by one would defeat the will of the other, the impropriety of sustaining a joint will would be still more fully illustrated. The statute does not contemplate such a will — it speaks of "testator" only.

Again, it cannot be known that *John Grace*, without his wife, would have made such a will as this. Indeed, it is fair to argue that it cannot express what his mind and will would have been by his separate and individual act.

In support of their points and reasoning the appellants' counsel cited the following authorities: *Maine stat. ch.* 38, *sec.* 2; 14 *Johns.* 324; 2 *Term R.* 693; *Powell on Dev.* 54; *Cruise's*

*Dig. tit.* 38, *ch.* 5, *sec.* 47; *Osgood* v. *Breed,* 12 *Mass.* 525; 1 *Cowp.* 268; *Petersdorff's Abr.* 8, 117; *Cook* v. *Holmes,* 11 *Mass.* 528; 1 *Williamson on Executors,* 9; *Baddeley* v. *Lappingwell,* 3 *Burr.* 1533; 4 *Ves.* 329; 14 *Johns.* 1; 1 *Ves.* 270; *Dawes Judge* v. *Swan & al.* 4 *Mass.* 208; 2 *Peere Williams,* 282; *Parsons et ux* v. *Winslow,* 6 *Mass.* 173; 3 *Ves.* 105; 8 *Com. Dig.* 421; 3 *Ves.* 320; 5 *Ves.* 243; 11 *Johns.* 219.

*Groton* and *Randall,* in support of the will cited the following authorities: 5 *Bac. Abr.* 500; 3 *Ves.* 403; 3 *Com. Dig.* 406; 1 *Burr.* 431; 1 *Salk.* 313; 2 *Mod. R.* 552; 1 *Mod.* 211; *Osgood* v. *Breed,* 12 *Mass.* 525; 3 *Salk.* 127; 1 *Wash.* 103; 8 *Peters,* 68; 1 *P. Will.* 20; 1 *Vern.* 85; 3 *Peters,* 377; 1 *Pick.* 239; 2 *East,* 552; 1 *Mod.* 117; 2 *Wilson,* 22, 75; 4 *Mass.* 135; 4 *Greenl.* 225; 9 *Pick.* 350; 2 *P. Will.* 270; 14 *Mass.* 208; 2 *Johns.* 31.

MELLEN C. J. delivered the opinion of the Court.

It was admitted, at the argument of this cause, that the property described in the will in question, belonged exclusively to *John Grace,* and that he died sole seised thereof; and that the will was executed, published and declared to be his last will and testament, in the manner stated in the attestation of the subscribing witnesses. For some strange reason, *Hannah Grace,* then the wife of *John Grace,* was joined with her husband in the character of a devisor; and this joinder is the objection to the probate of the will. The 8th reason of appeal was abandoned; and none but the 2d and 3d, which amount to the same thing, were relied upon. The supposed *intentions* of the said *John Grace,* alluded to in the 5th, 6th and 7th reasons of appeal, and the arguments in relation to them, are not subjects of our consideration, sitting as the Supreme Court of Probate. It is said that the will in question was never published as the will of *John Grace alone,* but as *his* and *his wife's* jointly. She had no right to make the will. Her joinder can have no effect upon the legal and disposing power of the husband. The will is *his* in the same manner as though *she* had not signed it. She was a mere cypher in the transaction, and all her declarations and acts must be rejected as surplusage. The argument of the counsel for the appellants is

founded on an assumed fact which is admitted to have no exist-
ence, namely, that the husband and wife were *joint-tenants* of
the property devised. And he has, in pursuing this idea, relied
on an expression of *Lord Mansfield* in the case of the *Earl of
Darlington* v. *Pultney, Cowp.* 260, in these words. "Now
there cannot be a *joint-will.*" It is true that joint-tenants can-
not make a will which can operate *jointly*; for the instant *either*
dies, the *principle of survivorship*, vests the *whole estate* in the
survivor : and if such a will can have *any* operation in law, (and it
seems it cannot, 4 *Kent. Com.* 360,) it cannot be as a *joint* will.
Whether his lordship's expression was used in reference to the
above principle of law, or to the particular facts of that case and
the *manner* of executing certain *joint* powers which was the sub-
ject then under consideration, is of little importance ; as it can
have no influence in the decision of the case before us.

We are all of opinion that the decree of the Court of Probate
must be affirmed ; and the cause remitted to that Court for fur-
ther proceedings according to law.