Allen v. Allen.

REBECCA J. ALLEN, *et al.*, v. ELIJAH F. ALLEN.

1. WILL, *Joint in Form, Yet Several.* Where the husband and wife join in the execution of what is in form a joint will, but which only disposes of property of which the husband is the sole owner, and the husband thereafter dies sole seized thereof, such instrument is the several will of the husband; the joinder of the wife has no effect upon the legal and disposing power of the husband, and all her declarations and acts are to be rejected as surplusage.

2. WILL, *Construed.* Where the testator of said will deposits it, with the knowledge of a devisee, in the office of the probate judge of the county in which he lives, and immediately upon his death the executor inquires of the probate judge concerning the probating of the will, and the judge, after opening and reading it, informs him the will is the joint will of the husband and wife, and cannot be probated until the death of the wife, and in six years thereafter the executor again asks the probate

Statement of the Case.

judge about the probating of the will, and receives the same answer, and the will is not admitted to probate until nine years after the death of the testator, during all which time it is in the possession of the probate judge, the estate devised therein does not, under the provisions of § 30, ch. 117, Comp. Laws of 1879, descend to the heirs of the testator.

### Error from Miami District Court.

ACTION in the nature of ejectment, by *Elijah F. Allen* against *Rebecca J. Allen*, A. B. Lavett and Sarah J. Lavett, begun June 8, 1881, to recover the undivided one-fourth of the S.W.¼ of sec. 25, tp. 15, of range 24, east, in Miami county, and the undivided one-fourth of the west one-half of the S.W.¼ of sec. 25, tp. 15, of range 24, east, in said county, and also for the sum of $420 for rents and profits.   Trial had at the October Term, 1881, by the court without a jury. The following is the agreed statement of facts:

"It is agreed that on the 26th day of June, 1872, James M. Allen and defendant Rebecca J. Allen, husband and wife, executed a will, which was the last will ever executed by them, or either of them, in the following words and figures, to wit:

"'In the name of God, Amen.  I, James M. Allen, and Rebecca Allen, the wife of James M. Allen, in Wea township, Miami county, and state of Kansas, being of sound mind and memory, considering the uncertainty of this frail and transitory life, do therefore make, ordain, publish and declare this to be our last will and testament, that is to say, that after my lawful debts are paid, that we give, bequeath and dispose of our real estate after our decease, to our beloved daughter Sarah J. Allen, known as the homestead of James M. Allen, known and described as follows, to wit: The west half of the southwest quarter of section twenty-five (25), township fifteen (15), range twenty-four (24), containing eighty acres, situated in Wea township, Miami county, and state of Kansas, to have and to hold the same, with all the appurtenances thereunto belonging, to her and her heirs forever; also, that our personal property be equally divided between our son Elijah F. Allen and our daughter Sarah J. Allen.   We therefore intend this to be our joint will as husband and wife.

" 'Also, we appoint H. L. Lyons as our executor of this our last will and testament, on this twenty-sixth day of June, eighteen hundred and seventy-two. In consideration hereof of these facts, we have hereunto subscribed our names, the day and year last written.

(Signed)        JAMES M. ALLEN ×.        [Seal.]

(Signed)        REBECCA J. ALLEN ×.        [Seal.]

" 'Signed in presence of J. T. Patten, John D. Patten.'

"That the devisees named in said will, Elijah F. Allen, plaintiff, is the son of James M. Allen and Rebecca J. Allen; and Sarah J. Allen, (since intermarried with A. B. Lavett,) and not Sarah J. Lavett—one of the defendants—is the daughter of James M. Allen and Rebecca J. Allen.

"That said will was executed under the following circumstances: On the 26th day of June, 1872, James M. Allen went to J. T. Patten and requested him to write his will, and among other things specified the real estate therein described. He was informed by Mr. Patten that it was necessary for Rebecca J. Allen (one of the defendants) to join with him in the execution of said will. She was sent for, came, and on being informed by Mr. Patten that it was necessary for her to join her husband James M. Allen in the execution of a will of his property, she did so.

"All the property described in said will at the time of its execution belonged exclusively to James M. Allen, and he afterward died sole seized thereof, and said Rebecca J. Allen, one of the defendants, is still living. On the 27th day of June, 1872, defendant Sarah J. Lavett was informed of the existence of said will, and of its terms and provisions, by her father. On or about the first day of July, 1872, James M. Allen informed defendant Sarah J. Lavett that he was about to take said will to the probate judge of Miami county, Kansas, to deposit it at his office, and that he did not have the money to pay the fee therefor, and requested said Sarah J. Lavett to let him have the money for that purpose, which she did; and on that day the said James M. Allen took said will to the office of the probate judge of Miami county, Kansas, and paid him the usual fee therefor, obtained from defendant Sarah J. Lavett, as aforesaid.

On the 21st day of December, 1872, James M. Allen died, leaving as his sole surviving heirs, defendant Rebecca J.

Allen his wife, Sarah J. Allen his daughter, (since intermarried with A. B. Lavett, and now defendant Sarah J. Lavett,) and plaintiff, Elijah F. Allen, his son. On the 30th day of December, 1872, H. L. Lyons — named in said will as executor — went to the office of the probate judge of Miami county, Kansas, and informed Joshua Clayton, then probate judge of Miami county, Kansas, of the death of said James M. Allen on Dec. 21st, 1872, and inquired of said probate judge in reference to the probating of said will. Said probate judge took said will then in his possession and publicly opened the envelope in which it was inclosed, and after reading said will, informed said H. L. Lyons that said will could not be probated until the death of Rebecca J. Allen, as it was the joint will of James M. Allen and Rebecca J. Allen, which information said H. L. Lyons communicated to defendants, Rebecca J. Allen and Sarah J. Lavett (then Sarah J. Allen). Nothing further was done until sometime in the year 1878, when said H. L. Lyons went again to the office of the probate judge of Miami county, Kansas, in reference to the probating of said will then in her possession. That said probate judge then read said will and informed said Lyons that said will could not be probated until the death of Rebecca J. Allen, as it was the joint will of James M. Allen and Rebecca J. Allen, which said information said H. L. Lyons communicated in a short time thereafter to the defendants.

"Nothing further was done with said will until after the commencement of this action. This action was commenced on the 8th day of June, 1881. On the 4th day of July, 1881, on application of defendant Sarah J. Lavett, said will was probated in the office of the probate judge of Miami county, Kansas, and proof made thereof in the following words and figures, to wit:

"'STATE OF KANSAS, MIAMI COUNTY, ss. — *In the Probate Court of said County.* — J. T. Patten and John D. Patten, of lawful age, being duly sworn, upon their respective oaths in open court depose and say, that they were present at the execution of the last will and testament of James M. Allen, now deceased; that they saw him sign the same as testator, and that they signed the same as witnesses at his request and in his presence, and in the presence of each other; that at the time of executing the same the said James M. Allen was of lawful age and of sound mind and memory, and was not

under any restraint, and that the testator well knew the contents of said last will at the time of signing the same.

(Signed)                              J. T. PATTEN.

JOHN D. PATTEN.

"Sworn to and subscribed before me, this 21st day of July, 1881.

[Seal.]          E. W. ROBINSON, *Probate Judge.*'

"And on the said 21st day of July, 1881, defendant Rebecca J. Allen appeared in said probate court, and said will was read to her by the probate judge of Miami county, Kansas, and her rights thereunder and also under the law concerning descents and distributions being fully explained to her by the said probate judge, she announced to him that she was satisfied with the disposition of the property of her husband James M. Allen, as made by said will, and accepted her rights under its provisions. All of which proceedings were duly made a part of the records as above set forth in said probate court.

"That said will remained in the office of the judge of the probate court of Miami county, Kansas, from the time it was deposited there by James M. Allen until after the commencement of this action.

"That said will was never seen by defendant Sarah J. Lavett until since the commencement of this action.

"That in the year 1874, defendants Sarah J. Lavett and A. B. Lavett were joined in marriage, defendant Sarah J. Lavett before that time being Sarah J. Allen, one of the devisees named in said will."

The court adjudged that the plaintiff was the owner of the undivided one-fourth part of the west half of the S.W. ¼ of sec. 25, in township 15, of range 24, east, in Miami county, and that Rebecca J. Allen was the widow of James M. Allen, deceased, and was the owner of the undivided one-half part of said described premises; that Sarah J. Lavett was the daughter and one of the heirs-at-law of James M. Allen, deceased, and was the owner of the undivided one-fourth part of said premises, and that the defendants were tenants in common with the plaintiff in the premises. The court further adjudged the joint will of James M. Allen, deceased, and the defendant Rebecca J. Allen, as invalid, null and void.

Judgment was thereupon rendered that the plaintiff was the owner in fee, and legally entitled to the undivided one-fourth part of the land hereinbefore described, and that the defendants, Rebecca J. Allen and Sarah J. Lavett, were tenants in common and joint owners with the plaintiff in the premises in the following proportions, to wit: Rebecca J. Allen the undivided one-half part; Sarah J. Lavett the undivided one-fourth part. And it was therefore ordered that commissioners, duly appointed therefor, partition the land in the proportion in which the parties were found to be interested; and in case the lands could not be divided without manifest injury, then the commissioners were directed to make valuation of the premises and return their proceedings on or before the first day of the succeeding term of court. The defendants filed a motion for a new trial, which was overruled. They excepted thereto, and now bring the case here.

*W. T. Johnson*, for plaintiffs in error.

*H. H. Patten*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Two questions are presented by the record for our consideration:

*First*, Is the will referred to in the agreed statement of facts the valid will and testament of James M. Allen, deceased?

*Second*, If it is his will, has the real estate devised therein to Sarah J. Lavett, *neé* Allen, descended to the heirs of the testator by the neglect of the devisee?

It is admitted in the statement of facts that the property described in the will at the time of its execution belonged exclusively to James M. Allen, and that he died sole seized thereof. Rebecca J. Allen, his wife, who joined in the execution of the will, is still living, but had no interest whatever in the property mentioned in the will during the life of her husband, James M. Allen. This, therefore, is the case of a

**1. Will, joint in form, yet several.** will where the husband and wife join in the execution of what is in form a joint will, but which only disposes of property of which the husband is the sole owner. Such an instrument may be sustained as the several will of the husband. The wife, having nothing on which the will could operate, is held to be a mere cipher in the transaction. The will, therefore, was that of the husband in the same manner as though the wife had not signed it, and all her declarations and acts must be rejected as surplusage. (*Thomas Rogers, et al., Appellants, &c.,* 11 Me. 303; *Walker v. Walker,* 14 Ohio St. 157.) Neither have the provisions of the will become void and ineffectual on account of the delay in the probate of it. Counsel for defendant in error claims otherwise, and refers to §§ 29 and 30, ch. 117, Comp. Laws 1879. They are as follows:

"SEC. 29. No will shall be effectual to pass real or personal estate, unless it shall have been duly admitted to probate or recorded, as provided in this act.

"SEC. 30. No lands, tenements or hereditaments shall pass to any devisee in a will, who shall know of the existence thereof, and have the same in his power and control for a term of three years, unless, within that time, he shall cause the same to be offered for or admitted to probate; and, by such neglect, the estate devised shall descend to the heirs of the testator."

The facts agreed upon do not bring the devisee within the terms of said § 30 so as to deprive her of the estate devised

**2. Will, construed.** by the will. Unless Lyons, the executor, acted for her, she had no power and control over the will until after the commencement of this action, and accordingly could not have been guilty of neglect in the matter of offering the will to probate. If the executor was her agent, then she attempted through him to have the will probated on December 21, 1872, immediately after the death of the testator, and again in 1878. If the executor was not acting for her, then the will, although she knew of the existence thereof, was not in her power and control. (Comp. Laws 1879, ch. 117, §§ 3, 4, 5.)

In our opinion, the real estate in controversy passed under the will to Sarah J. Lavett, *neé* Allen, and did not descend to the heirs of the testator.

The judgment of the district court must be reversed, and the case remanded with direction for judgment to be entered in favor of the plaintiffs in error, defendants below.

All the Justices concurring.