COLE *v.* SHELTON.

Opinion delivered October 26, 1925.

1. WILLS—SIGNATURE BY HUSBAND AND WIFE.—A will signed by both husband and wife, disposing of property belonging exclusively to the husband, in which the wife had only a homestead and dower interest, is a valid will of the husband, as though the wife had not signed it.

2. WILLS—DELAY IN PROBATING.—Where property became vested by the terms of a will, delay for five years in probating it did not render its provisions void.

3. WILLS—PROBATE—RIGHT TO OBJECT.—One who has no interest in property devised has no right to object to the probate of a will.

Appeal from Woodruff Circuit Court, Southern District; *E. D. Robertson,* Judge; affirmed.

STATEMENT BY THE COURT.

This is an appeal from a judgment of the circuit court reversing a judgment of the probate court refusing to admit to probate a will executed by Samuel Shelton, and ordering that the judgment of the circuit court be certified to the probate court to the end that said will may be duly probated as provided by law.

Jonas Shelton offered for probate an instrument purporting to be the will of his father, Samuel Shelton, and his mother, Catherine Shelton. By the terms of the will a cow is devised to Susie White, their daughter, as her share of the estate. All the remainder of the estate, both real and personal, is devised to Jonas Shelton subject to certain conditions not necessary to state in determining the issues raised by the appeal. The will was executed on the 27th day of July, 1908, and Jonas Shelton was named as executor in the will. It was agreed that the will was executed in proper form and is not a forgery.

The record shows that Samuel Shelton was the owner of eighty acres of land at the time of his death in September, 1917. Catherine Shelton had no interest in the land, except her dower and homestead as the wife of Samuel Shelton. On July 18, 1919, Susie White, a

daughter of Samuel Shelton and Catherine Shelton, executed a deed to L. L. Cole to a one-half interest in said land. Catherine Shelton died in September, 1922. Jonas Shelton paid to his mother the rent on said land from the time of his father's death until his mother died. After the death of his mother, Jonas Shelton offered the will for probate, and L. L. Cole objected to its probate, claiming that the will was void on its face as being the joint will of Samuel Shelton and Catherine Shelton, and claimed an undivided one-half interest in the land devised by the will under a deed executed to him by Susie White. The probate court sustained his contention and denied the admission of the will to probate.

Upon appeal to the circuit court, the case was tried upon an agreed statement of facts substantially as stated above. The circuit court found that the instrument in question was the last will and testament of Samuel Shelton, deceased, and that it should be admitted to probate as such.

It was therefore considered and adjudged that the judgment of the probate court be reversed, and that the judgment of the circuit court be certified to the probate court to the end that said will might be duly probated according to law.

The case is here on appeal.

*Roy D. Campbell, J. F. Summers* and *J. F. Summers, Jr.*, for appellant.

*W. T. Trice* and *Ed Trice*, for appellee.

HART, J., (after stating the facts.) The record shows that the will in question was signed by Samuel Shelton and Catherine Shelton, his wife, and was to take effect after the death of the survivor. The real estate devised by the will was the property of Samuel Shelton, and his wife only had a dower and homestead interest therein. It was agreed that the will was in proper form and is not a forgery.

The sole ground relied upon for a reversal of the judgment is that the instrument in question is the joint will of Samuel Shelton and Catherine Shelton to take

effect upon the death of the survivor, and is void under the principles of law decided in *Hershy* v. *Clark,* 35 Ark. 17.

We do not think the principles of law there decided are controlling under the facts in the case at bar. In that case Abram and Aaron Clark, brothers, had by their joint industry acquired a large amount of personal and real estate, which they held as tenants in common. The brothers entered into a mutual obligation, in writing in which each conveyed to the survivor all of his interest in their joint property. Abram died first, and Aaron took charge of their joint property as owner. He made a will giving to his mother and his sister Sarah all of his real estate in two counties. His mother and his sister Sarah took possession of the property under his will after his death. Subsequently they executed a joint will in which they devised the property they had received under the will of Aaron Clark to various persons.

The court held that the joint instrument between Abram and Aaron Clark and the joint will of Nancy and Sarah Clark should both have been disregarded. Following the common law, the court held that there could be no such thing as a joint will to take effect on the death of the survivor. In each instance, the persons attempting to execute the joint will were the owners of the property intended to be devised as tenants in common, and intended that the will devising their joint property should take effect upon the death of the survivor. Such an instrument can not be proved as the separate will of either of the supposed testators, because it disposes of their joint property, and because it implies an agreement between them which is inconsistent with its revocability and therefore prevents its operation as a will.

In the case at bar, however, the property disposed of in the will was not the joint property of Samuel and Catherine Shelton, but belonged to the husband. The wife had no interest whatever in the property, except a dower and homestead right. Therefore, the instrument may be sustained as the will of the husband. The wife,

having nothing on which the will could operate, is held to be a mere cipher in the transaction. The will is that of the husband in the same manner as though the wife had not signed it, and her acts in the premises must be rejected as surplusage. Her joinder in the execution of the will could have no effect upon the power of the husband to legally dispose of his own property. The will is that of the husband in the same manner as though his wife had not signed it. *In re Rogers,* 11 Me. 303, and *Allen* v. *Allen,* 28 Kan. 18, and cases cited.

The title to the property became vested by the terms of the will, and the delay in probating it did not render the provisions of the will void. Moreover, L. L. Cole, the remonstrant, has no interest in the property under the views we have expressed, and therefore has no right to object to the probate of the will.

It follows that the decision of the circuit court was correct, and must be affirmed.