## BARRON v. McCANN ET AL.

*Wills—Descent of estate where devisee fails to probate will within three years—Section 10542, General Code—Vested estates not forfeited—Negligent devisee takes nothing under will, and estate passes to testator's heirs.*

1. Section 10542, General Code, providing that estate devised to devisee shall descend to heirs of testator, if devisee fails to probate will within three years after knowledge of its existence, does not provide for forfeiture of interest that has vested, but prevents any estate from passing to negligent devisee.

2. Where devisee of land under will was in possession and control of will for more than three years after death of testatrix, but neglected to offer same for probate, as required by Section 10542, General Code, such devisee took nothing under the will, and land described therein passed to heirs.

(Decided June 19, 1927.)

APPEAL: Court of Appeals for Lawrence county.

*Messrs. Corn & Jenkins,* for plaintiff.
*Mr. A. R. Johnson,* for Margaret McCann's heirs.
*Messrs. Irish & Riley,* for John McCann and others.

MAUCK, J. This is an action in partition, the land in question being that originally owned by Margaret McCann, who died March 19, 1886, testate. By her will the testatrix devised the land in question to John McCann. This will was not filed for probate with the probate court of Lawrence county until March 4, 1890, at which time that court found the will entitled to probate, but that the same had been in the possession and control of

John McCann for more than three years after the death of the testatrix, and that John McCann, with full knowledge of the will, had during that period neglected to offer the same for probate. The question now raised is whether under these admitted facts the will of Margaret McCann vested in John McCann any title to the property in question.

Section 10542, General Code, reads:

"No lands, tenements, or hereditaments, shall pass to any devisee in a will, who for three years knows of its existence and has it in his power to control it, unless, within that time, he causes it to be offered for, or admitted to, probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator."

This statute has received scant judicial consideration. In *Loos* v. *Buffalo-Springfield Rubber Co.*, 32 O. C. A., 443, 35 C. D., 809, the Court of Appeals of the Fifth District held that the effect of the statute was to prevent a devise from becoming operative, so far as vesting title to real estate is concerned, where the devisee has by his neglect offended against the provisions of the statute referred to. The statute is clear, and, as we view it, clearly warrants the conclusion reached in the *Loos case*. The terms of the statute do not provide for the forfeiture of an interest that has vested, but, on the contrary, by its terms prevents any estate from passing to the negligent devisee. *Mitchell* v. *Long*, 9 N. P., (N. S.), 113, 20 O. D., (N. P.), 41, disapproved.

So far as we can ascertain Kansas is the only other state in which a like statute is to be found. Section 11785 of the General Statutes of that state

is almost identical with our Section 10542. The Supreme Court of that state has had this section under consideration three times. In *Allen* v. *Allen,* 28 Kan., 18, and in *Chandler* v. *Richardson,* 65 Kan., 152, 69 P., 168, the court held that the property involved in those two cases passed by virtue of the will because the devisee did not in fact withhold the will from probate, but in neither case did it intimate that any proceeding to forfeit would be required to determine that question. In *Moore* v. *Samuelson,* 107 Kan., 744, 193 P., 369, the court found that the will of Charles Samuelson was not offered for probate until three years, three months, and eighteen days after his death, and that during that time it was under the power and control of his wife, Christine. The court concluded:

"In view of this statute, Christine, the mother, could not acquire any interest in her husband's property under the will."

The syllabus prepared by the court is as follows:

"A person who has knowledge of the existence of a will and has it under her power and control for over three years after the death of the testator and who fails to offer it for probate within that time loses any rights of property which the will may attempt to devise to her; but the long delay in offering the will for probate does not prejudice the rights of others to whom property is devised by the will if they have not been personally derelict in respect to such delay."

We find, accordingly, that John McCann took nothing under the will of Margaret McCann and that the land described in the petition passed to her heirs.

A decree in partition may be entered in accord-

ance herewith, a motion for a new trial will be overruled, and the cause remanded to the court of common pleas for execution.

*Decree accordingly.*

CUSHING and MIDDLETON, JJ., concur.

CUSHING, J., of the First Appellate District, sitting in place of SAYRE, P. J.