## LAWSON v THOMAS

Ohio Appeals, 6th Dist, Lucas Co

No 2862. Decided March 5, 1934

Orion W. Nelson, Toledo, for plaintiff.

Jesse S. Heslip, Toledo, and George C. Bryce, Toledo, for defendant.

Geer & Lane, Toledo, Amicus Curiae.

### OPINION

By RICHARDS, J.

This is an action in partition involving lot No. 102 in Germania Addition to the City of Toledo. A decree of partition was entered in the Court of Common Pleas, from which an appeal has been taken to this court.

The property was owned in common by Charles W. Thomas and his wife, Fannie Thomas. The wife having died on December 28, 1925, the plaintiff claims that she inherited as an adopted daughter, the undivided half owned by Mrs. Thomas. The answer denies that the plaintiff is an adopted daughter and denies that she inherited the above property from Fannie Thomas. The records of the Probate Court of this county, which were introduced in evidence, show that the plaintiff on July 19, 1901, then known as Marguerite Jamieson and about six years of age, was duly adopted by Charles W. Thomas and Fannie Thomas, and her name changed to Magnolia Thomas. The record of adoption imports absolute verity in this collateral proceeding and it will be presumed that the provisions of law relating to adoption have been legally complied with. **Martin et v Fisher, 25 Oh Ap, 372 (5 Abs 596).**

The only remaining question in this case is whether the plaintiff, as an adopted child, inherited the half interest in the property which was owned by Mrs. Thomas at the time of her death.

On February 27, 1921, Fannie Thomas and her husband, the defendant Charles W. Thomas, each made a will naming the other as sole beneficiary, and the defendant was named as executor in the will of his wife. The wills were written at the same time and place and each had full knowledge of the provisions contained in the wills. Although Fannie Thomas died December 28, 1923, no attempt was made to probate her will until December 5, 1931, when application was made to probate the same as a lost will, and it was admitted to probate as such on November 9th, 1932, in this county. By the terms of her will she devised all her property to her husband, the defendant Charles W. Thomas, and disinherited her adopted daughter, Magnolia Thomas, giving as a reason therefor that the adopted daughter had not shown any regard or affection for the testatrix since the daughter married.

The plaintiff contends that Charles W. Thomas can take nothing under the will, because the provisions of §10542, GC, in the form applicable to this case, read as follows:

"Effect of Devisee Withholding Will:— No lands, tenements or hereditaments, shall pass to any devisee in a will, who for three

years knows of its existence and has it in his power to control it, unless, within that time, he causes it to be offered for, or admitted to, probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator."

It appears from the evidence and the stipulations made by the parties that when the wills were executed, they were placed and kept in a box in the pantry with other papers in the home occupied by the parties and that the defendant remarried on October 23, 1926. About a year after his remarriage, he saw his first wife's will in the home where they had lived and where he was still living, and his present wife saw the will at that time in a tin box in the pantry at that home. The evidence discloses that on the occasion named the present wife, Bessie Thomas, removed the box from the pantry to a clothes closet and that neither she nor the defendant has seen the will of Fannie Thomas after that date. The present wife, however, testifies that about three years later she found the will of her husband in the clothes closet but that she could not find the will of Fannie Thomas. There is no evidence to show what became of the will of Fannie Thomas. It was, however, in the box in 1927 and presumably so continued, and they did not know it was lost until more than four years after the testatrix died. It is clear, therefore, that the defendant had full knowledge of the existence of the will and had it in his power to control it and submit it for probate. The failure to have the will probated manifestly resulted from the neglect of the defendant, and he is therefore barred as a devisee under the will, and the land described in the petition descended to the plaintiff as heir, subject only to the defendant's right to dower.

This result is especially unfortunate in view of the fact that the defendant was the only devisee named in the will, but the statute requires it and the decision is in accordance with **Barron v McCann et, 25 Oh Ap, 520 (6 Abs 127); Loos v Buffalo-Springfield Rubber Co., 32 O.C.A., 443;** Moore v Samuelson et, 107 Kans., 744.

Judgment and decree for plaintiff.

WILLIAMS and LLOYD, JJ, concur.