### HOSKINS v LENTZ et

Ohio Probate Court, Lucas Co

Decided Dec 10, 1936

B. A. Neidlinger, Toledo, for plaintiffs.
Ira R. Cole, Toledo, for defendants.

### OPINION

By CHITTENDEN, J.

This cause was submitted upon the petition of the administratrix with the will annexed for a construction of the will and instructions to the administratrix. The will of the testatrix was executed on the 10th day of September, 1929. She died on December 18, 1931. Directly after her death Charles Lentz, Sr., became aware of the existence of the will which was in the possession of an aunt. The will remained in her possession until it was offered for pro-

bate on April 21, 1936, and letters of administration with the will annexed were issued on May 28, 1936.

By the terms of the will, Charles Lentz, Sr., who was named in the will as Charles Lentz, was given a lease on certain real estate to run until a grand-daughter, Betty Zing, then a small child, became of legal age, at which time the real estate was to be divided equally among thirteen grandchildren.

The plaintiff asks the direction of this court as to whether the lease of Charles W. Lentz, Sr., has terminated by reason of his failure to comply with the provisions of the will and his failure to cause the same to be offered for probate within a period of three years.

The evidence discloses that Charles Lentz, Sr., has substantially complied with the provisions of the will which require him to keep the buildings on the premises in repair and to pay all taxes and insurance premiums.

The question principally argued is as to the effect of his failure to cause the will to be offered for probate within three years from the time he knew of its existence.

At the time of the execution of the will and also at the time of the death of the testatrix, §10542 GC was in effect and read as follows:

"No lands, tenements, or hereditaments, shall pass to any devisee in a will, who for three years knows of its existence, and has it in his power to control it, unless within that time, he causes it to be offered for, or admitted to, probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator."

That section was amended and incorporated in the Probate Code as §10504-14 GC and reads as follows:

"No property or right, testate or intestate, shall pass to a beneficiary named in a will, knowing for three years of its existence and having it in his power to control it, who, without reasonable cause, intentionally conceals or withholds it or neglects or refuses within that time to cause it to be offered for or admitted to probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator, not including any heir who has concealed or withheld the will as aforesaid."

Two questions are involved. First: which section is to be applied to the facts in this case? If §10542, GC, governs, then Charles Lentz, Sr., takes no interest in the real estate by reason of his failure to cause the will to be offered for probate within three years. Carpenter v Dennan, 29 Oh St 379; Loos v Buffalo Springfield Rubber Co., 32 O C A 443; Barron v McCann, 25 Oh Ap, 520, (6 Abs 127); Lawson v Thomas, 48 Oh Ap, 311, (16 Abs 503).

Second: If §10504-14, GC governs, to what extent, if any, does that section change the law? The Probate Code went into effect on January 1, 1932, or about two weeks after the death of Mrs. Lentz, and more than four years before the will was offered for probate. When §10504-14, GC went into effect, there was no pending action or proceeding, nor was there any cause of action existing with reference to this estate which could be affected by that amended section.

A cause of action is the fact or combination of facts which gives rise to a right of action, the existence of which affords a party a right to judicial interference in his behalf. Railroad Co. v Larwill, 83 Oh St 108, 115; Railroad Co. v Hollenberger, 76 Oh St 177, 181; Linker v Sauer, 105 Oh St 135.

The failure of a beneficiary named in a will to cause such will to be offered for probate within the three year limitation, gives no right to action either for or against him. Such limitation may only become a bar to a right which he otherwise might assert.

Parties have no vested interest in a particular statutory limitation which has theretofore been fixed. Smith v N. Y. C. R. R. Co., 122 Oh St 45.

There is, therefore, nothing to which §26, GC, applies.

Even where administration has been commenced, it has been held that various steps in the administration are separate proceedings and when such proceedings are begun after the Probate Code became effective, they are governed by its provisions. In re Estate of Murphy, 29 N. P. (N.S.) 183; In re Estate of Steltenpohl, 7 O.O. 120.

It follows from what has been said that this proceeding is governed by §10504-14, GC.

Second: To what extent, if any, has §10504-14, GC changed the law as set forth in §10542, GC and as construed in the cases above cited? The presumption is that

every amendment of a statute is made to effect some purpose. Lytle et v Baldinger et, 84 Oh St 1.

It is to be noted that all the cases above cited on the construction of §10542, GC relate to facts and conditions existing prior to the effective date of the Probate Code, and therefore, are not applicable to facts involved in this proceeding. Being aware of the strict construction by the courts of §10542, GC, it is apparent that in enacting §10504-14, GC the Legislature ▬▬▬▬ intended to modify the drastic effect of the mere withholding of a will from probate. The intent is quite plainly shown by a comparison of the two sections. It will be seen that an important change consists in the addition of the element of intent. It is contended by counsel that the element of intent relates only to concealing and withholding a will and is not a limitation with respect to neglect or refusing to cause it to be offered for probate. It is difficult to draw any distinction, in its effect between concealing or withholding or refusing a will to probate.

If lack of intent may excuse concealing and withholding a will from probate, and does not effect refusing and mere neglect, then one who, through lack of knowledge, as in this case, merely neglects to have a will offered for probate, is more severely penalized under the code than under the former statute.

By the former section a devisee who failed to cause a will to be offered for probate for three years after knowing of its existence was deprived of his devise under the terms of the will, but he was entitled nevertheless to any interest he might have as an heir of the testator, in both the real and personal property of the estate.

By §10504-14, GC one who so withholds a will not only would be deprived of his devise under the will but also would be precluded from participating as an heir in both real and personal property.

It is apparent that the Legislature was not intending to make the penalty more drastic, but that the purpose of the legislation was to relieve from such severe penalty, unless such withholding or neglect, or concealment or refusal was intentional and for the purpose of delaying the administration or defeating some rights given by the terms of the will.

In the present case, the parties went forward attempting to carry out the terms of the will without knowing the necessity of offering it for probate, and without any intention of in any way adversely affecting the rights of any devisee or legatee.

The court, therefore, holds that Mr. Lentz is entitled to continue in his possession of the property so long as he complies with the terms of the will with reference to keeping the property in repair, paying the taxes and insurance.