Stillwell, Admx., Appellant, *v.* Tudor et al., Appellees.
Stillwell et al., Appellees, *v.* Stillwell et al., Appellants.

(No. 464—Decided October 28, 1946.)

Mr. *Robert L. Carr* and Miss *Ethel Elder*, for appellants.

Mr. *Jay S. McDevitt* and Mr. *Barton W. Blair*, for appellees.

PUTNAM, J. These two cases were heard together in the court below but they were not consolidated. Separate entries were made in each case. The appeals here are on questions of law and they were heard together. One case, numbered 10333 in the court below, is an action by an administratrix to sell real estate to pay debts. The other case, numbered 10379 in the court below, is an action for a declaratory judgment as to the title to the same real estate. The former case was first filed. These actions present a complication of plead-

ings, issues and procedure, which, considering the known ability of counsel involved, is unusual to put it mildly. The ultimate question and issue in both cases is the determination of the title of the real estate. The question arose because of the fact that Lot C. Stillwell's first wife, Gertrude Stillwell, who died January 14, 1922, had willed him this property but he, having the will in his possession, never offered the same for probate.

From the pleadings, stipulations and testimony the following pertinent facts appear.

On January 10, 1922, Lot C. Stillwell and Gertrude Stillwell were husband and wife. They had three children, all of age, *viz.*, Wendell Stillwell, Madeline Maxwell and Ruth Tudor. Lot C. Stillwell was an attorney at law, practicing in Knox and adjacent counties. On that date Gertrude Stillwell was in a hospital and in her last illness. At that time she executed the will in question which devised all her property in fee simple to her husband. Ruth Tudor was one of the witnesses to the will. After its execution the husband took it into his possession and kept it in a safety deposit box until 1939, at which time at his direction his son, Wendell, removed it from the safety deposit box and placed it in a safe in his father's office. The will remained there until September 15, 1941, at which time the office was discontinued. At that time Wendell took the will into his possession and kept it until March 17, 1945, when he produced it in Probate Court in response to a citation issued at the instigation of Ruth Stillwell, administratrix of the estate of Lot C. Stillwell who died November 6, 1944, without ever having offered the will for probate. Lot C. Stillwell and his second wife, Ruth, were married in 1924. There is no evidence that Madeline Maxwell ever knew anything about the will until it was produced in court. Ruth Tudor, being

a witness to the will, knew of its execution, but she testified that she never read it, never had it in her possession and never saw it again until it was produced in court.

On October 22, 1921, Gertrude and Lot C. Stillwell executed a note for $9,500 due in one year and a mortgage securing the same to one Charles Ewers. The mortgagee is now deceased and Charles B. Ewers is the administrator of his estate. On June 27, 1927, $1,725 was paid on the note and on August 1, 1936, $300 was so paid. These payments appear by endorsements. No other payments were made. The mortgagee in his lifetime paid some $4,000 in taxes on the premises and there is now due on the note more than $20,000. This appears by the alternative answer filed by Charles B. Ewers, administrator, in cause No. 10333. The mortgagee made no attempt in his lifetime either to foreclose the mortgage or reduce the note to judgment.

On May 2, 1945, the will was admitted to probate and one Creed Jopling Lester was appointed administrator, with the will annexed, of the estate of Gertrude Stillwell. On May 7, 1945, cause No. 10333 was instituted but service was not complete until December 10, 1945. In the meantime on July 19, 1945, Charles B. Ewers, administrator, had filed a suit in ejectment against the heirs of Gertrude Stillwell in the Common Pleas Court of Knox county. That suit failed because of the 21-year statute of limitation. (Such cause was heard upon appeal in this court contemporaneously with the instant cases and the judgment affirmed, but the question of the collectibility of the note was not involved nor is it here.) On October 25, 1945, cause No. 10379 was instituted in the Probate Court and on the same date a suit was filed in the Common Pleas Court to contest the will. The contest case is still pending.

It is to be noted that Charles B. Ewers, administrator, is a defendant in cause No. 10333, but is not a party in cause No. 10379. Creed Jopling Lester, administrator, is a defendant in cause No. 10379, but is not a party in cause No. 10333. The answer which Charles B. Ewers filed in cause No. 10333, setting up his note and mortgage, was filed in the alternative to be considered only in the event the court found the plaintiff to be entitled to sell the real estate. Lester filed no answer or other pleadings in cause No. 10379. No replies were filed in either case, but there was a statement by, the court, during the attempt to get an agreed statement of facts, to the effect that replies could be considered filed in the nature of general denials. This is important as relating to the fourth defense in the answer of Ruth Stillwell in cause No. 10379 because it changes the status of Madeline Maxwell as to her knowledge of the will.

No demurrer was filed in cause No. 10379, but the first and second defenses in the answer of Ruth Stillwell allege that the petition does not state a cause of action because case No. 10333 was first filed and all issues could have been resolved in that case. We will first consider this matter. However, in view of the conclusions arrived at herein on other matters, we do not consider this question of vital importance. There can be no question that in a proceeding in the Probate Court to sell real estate to pay debts of the decedent, the court has full power both in law and equity to determine all questions of title to the real estate involved and all other ancillary questions. Issues in cause No. 10333 could have been made up which would have settled the rights of all parties in both cases. However, this was not done and the fault therefor cannot be attributed to any one party. Service was not completed in cause No. 10333 until December 10, 1945, and then

answers in both cases were filed within two weeks thereafter. Then there seems to have been an agreement, after this long delay, to expedite matters and hear both cases together. This was done and the hearing was pretty much informal and the record extremely short. In view of those circumstances and the fact that the parties in these two cases are not the same, we hold this defense not well taken. In any event, as all proper issues are being considered herein, Ruth Stillwell cannot be prejudiced.

Plaintiffs in cause No. 10379 rely in both cases upon the following sections of the General Code and maintain that by reason thereof Lot C. Stillwell took nothing under the will, which survived him. Section 10542, General Code (50 Ohio Laws, 297), which was in effect when Gertrude Stillwell died, read, as follows:

"No lands, tenements, or hereditaments, shall pass to any devisee in a will, who for three years knows of its existence and has it in his power to control it, unless, within that time, he causes it to be offered for, or admitted to, probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator."

In 1932 that section was repealed and Section 10504-14, General Code, was enacted. The latter section reads:

"No property or right, testate or intestate, shall pass to a beneficiary named in a will, knowing for three years of its existence and having it in his power to control it, who, without reasonable cause, intentionally conceals or withholds it or neglects or refuses within that time to cause it to be offered for or admitted to probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator, not including any heir who has concealed or withheld the will as aforesaid."

The defendant Ruth Stillwell takes the position that those statutes are not self-executing; that they are in the nature of a forfeiture, requiring an action to invoke the same, which action is subject to the one-year limitation prescribed in Section 11225, General Code; and that such an action is now barred. She maintains also that all the heirs of Gertrude Stillwell had full knowledge of the will; that during the time their father had possession of the same and failed to probate it, they were of full age and *sui juris;* that they could have caused the same to be produced for probate and refused to do so; and that by reason thereof they are estopped from now claiming the benefits afforded by statute as a fraud upon her rights would result. These matters are set up in the third and fourth defenses of her answer in cause No. 10379 but not in cause No. 10333.

There can be no question that Section 10542, General Code, in effect at the time of the death of Gertrude Stillwell, controlled the title and rights of Lot C. Stillwell in the property. Was that section self-executing or did it require an action to invoke its provisions? As to such section, the question is not one of first impression. This court has heretofore had the substance thereof under consideration in the case of *Loos* v. *Buffalo-Springfield Rubber Co,* 32 C. C. (N. S.), 443, 35 C. D., 809. The first paragraph of the syllabus in that case is:

"Where persons interested in the will of a decedent neglect to cause it to be offered for probate within three years following the death of the decedent or of becoming informed of its existence, the will becomes inoperative so far as vesting title to real estate in such persons is concerned, and realty devised to persons thus in default descends to the heirs of the testator."

On page 447 the court, speaking through Judge Shields, said:

"That the statutes already referred to place it in the power of a person interested in a will, known to exist, to compel the person having the custody or control of the same to produce it by process, if necessary, that it may be admitted to probate seems clear, and construing the language used in said Section 10542 to mean what it says, it is equally clear that where a person interested in a will neglects to take such action within three years after the known existence of the will, such will becomes inoperative as to vesting title to real estate, and the real estate devised to such person descends to the heirs of the testator. Here it appears that each and all of the plaintiffs in error knew of the existence of said decedent's will, if not of its contents, from the time it was first placed in the custody of Henry Rehard in the year 1910."

The same section was under consideration in the case of *Barron* v. *McCann*, 25 Ohio App., 520, 159 N. E., 104, where the court approved the reasoning in the *Loos case* and repudiated the case of *Mitchell* v. *Long*, 9 N. P. (N. S.), 113, 20 O. D. (N. P.), 41, upon which the defendant relies.

The first paragraph of the syllabus of the *Barron case* is:

"Section 10542, General Code, providing that estate devised to devisee shall descend to heirs of testator, if devisee fails to probate will within three years after knowledge of its existence, does not provide for forfeiture of interest that has vested, but prevents any estate from passing·to negligent devisee."

Those cases were followed in the case of *Lawson* v. *Thomas*, 48 Ohio App., 311, 193 N. E., 655. In that case as in the instant case there was a sole devisee under a will and he neglected for more than three years to

probate the same and the court held that he took nothing thereunder.

The reasoning and conclusion reached in those cases are sound and we adhere thereto. It follows that at the end of three years, *viz.*, January 15, 1925, any rights which Lot C. Stillwell might have acquired under the will were extinguished. No action was required and no statute of limitations applied. The estate then vested in Gertrude Stillwell's heirs, subject to Lot C. Stillwell's statutory interest which was a life estate in one-third of the estate. The life estate of course was extinguished at his death, if not prior thereto, and there were no property rights which his administratrix could sell to pay debts. Even if Ruth Stillwell were right in her contention as to the law as set forth in the third and fourth defenses the result would still be the same. Under the evidence herein Madeline Maxwell having had no knowledge of the will until it was offered for probate would be neither estopped nor barred by the statute of limitation from invoking the provisions of Section 10542 or Section 10504-14, General Code, which she did and seasonably after she became aware of the will.

One other question remains. What effect, if any, did the repeal of Section 10542 and the enactment of Section 10504-14, in 1932, have upon the right of the heirs to inherit the real estate involved herein? There can be no question as to Madeline Maxwell. She had no knowledge of the will until it was produced for probate.

Ruth Tudor had knowledge of the will from the time of its execution, but she did not know its contents nor did she ever see it thereafter or have it in her possession until it was produced for probate in 1945. Under the old statute and up until 1932, of course, she could inherit. After 1932 if the new statute applied to

her, her acts of omission or commission were not such as to bring her within the provisions thereof. Consequently, her inheritance was not affected.

The situation as to Wendell Stillwell is different. As before stated the record shows that his first knowledge of the will was in 1939; that on September 15, 1941, he took it into his possession and control and kept it until he was compelled to produce it in court three years and six months later. Certainly this was an intentional withholding and no reasonable cause therefor appears. Indeed, from the indebtedness of the estate and the effect which it would have upon his inheritance if such debt became outlawed, it would seem that he had a vital interest in concealing and withholding the will. Consequently, if Section 10504-14 applies, he clearly could not inherit. We see no reason why that section should not apply. If it be urged that his rights became fixed under the old statute in 1925, the answer is that as to an heir the estate vests immediately upon the death of the testator. This, however, is subject to the proviso that when the will is probated within the limitations of the law, the estate is divested. It is true that under the old statute no act of the heir could prevent his inheriting if the beneficiary did not acquire the estate through the will. The acts of Wendell Stillwell, however, were not committed while the old statute was in force. He voluntarily brought himself within the provisions of the new statute after it became effective.

As far as the devisee or the beneficiary is concerned, the reasoning in support of the first paragraph of the syllabus in the *Barron case, supra,* would apply to Section 10504-14 as well as to Section 10542. The failure to probate the will according to the conditions named in Section 10504-14 prevents the estate from ever vesting in the devisee. Consequently, no forfeiture

is involved. The devisee takes nothing under a will until it is duly admitted to probate. Now when Section 10504-14 was enacted there was among other changes the addition of the words, "not including any heir who has concealed or withheld the will as aforesaid." As to an heir such addition provides for a divesting of an estate which has already vested. Such divesting is, therefore, in the nature of a forfeiture as far as the heirs are concerned and would be subject to the limitation of one year imposed by Section 11225, General Code. However, even so, it does not aid the position of Wendell Stillwell because the action was brought within six months after the expiration of the three-year period. We hold that Wendell Stillwell cannot inherit. To this extent the judgments of the court below must be modified.

The judgments in both cases are modified and affirmed as modified.

*Judgments modified and affirmed.*

SHERICK, P. J., and MONTGOMERY, J., concur.