LESTER SHIMP *v.* JAMES SHIMP ET AL.

[No. 1228, September Term, 1978.]

*Decided July 10, 1979.*

The cause was argued before MOYLAN, LOWE and COUCH, JJ.

*R. Martin Palmer, Jr.,* for appellant.

*William C. Wantz,* with whom was *Omer T. Kaylor, Jr.,* on the brief, for appellees.

MOYLAN, J., delivered the opinion of the Court.

This appeal was taken from the October 16, 1978, order of Judge Irvine H. Rutledge of the Circuit Court of Washington County dismissing the appellant, Lester Shimp's, petition for declaratory relief.

On or about May 8, 1974, the appellant and his now-deceased wife, Clara V. Shimp, executed a will. The will purports to be a joint will of the couple and provides, in pertinent part, for a reciprocal disposition of the entire estate upon the death of one of the testators. It further provides for a plan of disposition upon the death of the survivor. The appellees in this action are the named beneficiaries of that common plan. Lastly, the will provides for its irrevocability and a waiver of the right to revoke or change the will.

On January 16, 1975, Mrs. Clara V. Shimp died. All the property owned by the couple was jointly owned marital property and passed to Mr. Shimp upon her death by operation of law. The will was not offered for probate. Mr. Shimp now desires to dispose of the property in a manner

inconsistent with the common plan provided in the joint will and seeks declaratory relief allowing him to do so by finding the will in question to be null and void.

Mr. Shimp seeks this result by asserting that the will is invalid under the laws of the State of Maryland. He further contends that he may revoke the will at his pleasure. Lastly, he asserts a lack of consideration to support the finding of an underlying contract.

The logic of the appellant's first contention goes something like this. The will depends for its efficacy upon the death of both the makers. Since it is impossible to know which party will survive the other, it is not the will of either and is, therefore, not valid. The appellant's thought process is correct but he misreads the will. The will provides for a mutual bequest which becomes operative on the death of the first testator to pass his or her interest in the jointly owned property. That the will purports to do that which would already occur by operation of law should not render it invalid if "it can be reasonably construed to be a bequest of each testator of his individual interest which is to have effect upon the death of the first to die and does not depend for its efficaciousness upon the death of the surviving party." *Cole v. Shelton,* 169 Ark. 695 (1925); 169 A.L.R. 9, 20 (1947). Since joint wills have been accepted in Maryland, 31 Op. Atty. Gen. 288 (1946), and this will meets all the requirements for a will and provides for the bequest of the estate of the first to die upon his death, it becomes operative upon that death and, therefore, is a valid will.

The appellant's second contention asserts his right to revoke the will in question at his option. Clearly, on this point, the appellant is correct. There can be no restriction on the right of a person with testamentary capacity to make a will to revoke a prior will. *Moats v. Estate of Pumphrey,* 33 Md. App. 9 (1976); *Moats v. Schoch,* 24 Md. App. 453 (1975); *Wilks v. Burns,* 60 Md. 64 (1882); *O'Hara v. O'Hara,* 185 Md. 321 (1945). This, however, is not dispositive of the issue presented. Although the appellant correctly asserts the revocable nature of the will, where that will or any parts thereof are founded on a contract between the parties, that contract will be

enforced by the courts if certain, definite and based on sufficient consideration. *Moats v. Schoch, supra; Tutunjian v. Vetzigian,* 299 N.Y. 315, 87 N.E.2d 275 (1949); 169 A.L.R. 9 (1947).

It is clear that a joint will or mutual wills containing the joint or reciprocal agreement not to revoke partake of both the character of a will and the character of a contract. Even if the will itself, notwithstanding its provision to the contrary, is revocable, the contractual obligation may not be so lightly avoided. In Atkinson, *Law of Wills* (2nd Ed. 1953), it is said at 224:

> "Frequently joint or mutual wills are made in pursuance of an agreement or compact not to revoke them. Here it is important to distinguish between the concept of wills and that of contracts. Our law has no separate concept of 'will made in pursuance of contract;' we must treat the will part as a will and the contract part as a contract. Viewed in the aspect of a will, such instruments do not differ from other wills. In order to be effective, they must be admitted to probate and they are revocable although there has been an agreement not to revoke. The matter of the contractual aspect does not properly arise upon probate, but only when the agreement is sought to be established as a claim against the estate, or in a proceeding against the successors of the decedent. This is the sound and orthodox treatment of the question."

In *Moats v. Schoch, supra,* at 24 Md. App. 459-460, Judge Orth quoted with approval Annot., 169 A.L.R. 9, 24-25, stating the rule that a will is revocable, notwithstanding a provision that it will not be revoked, but then explaining the limited effect of such revocation:

> "This does not mean that the obligation of the contract is escaped by revoking the will. It means that on the issue of will or no will with which the probate court is concerned a will is to be regarded as revocable notwithstanding it was executed

pursuant to contract. The question whether a revocation constitutes a breach of contract for which relief may be had in law or in equity is of no concern, strictly speaking, to a probate court. Therefore a later will which revokes a prior will which was jointly executed, or one of two separate wills containing reciprocal bequests, is admissible to probate, though the testator violated his contract by executing it; and a jointly executed will or one of two separate wills which are reciprocal in their provisions is not admissible to probate as the will of one of the testators who revoked it, notwithstanding the revocation was a breach of contract. Concisely stated, it is the contract and not the joint will which is irrevocable." (footnotes omitted)

We there also quoted with approval Vaughn, *The Joint and Mutual Will*, 16 Baylor L. Rev. 167, 170 (1964), to the same effect:

"The last theory, and, in the writer's opinion, the only tenable one at this time is that of contract. It can be stated as follows: The joint and mutual will is based on a contract between the parties. While the will itself is wholly revocable at any time, the underlying contract will be enforced. * * * *Shawver v. Parks* [239 S.W.2d 188] clears up many questions about this creature — partly will and partly contract. According to it, the true rule is that the will is a testamentary instrument, ambulatory and revocable, and it cannot be made irrevocable. Even though the testamentary portions are revocable, the contract portions are irrevocable. Therefore, the underlying compact is enforceable — or in a loose sense irrevocable — notwithstanding the revocability of the will."

Immediately following that quotation, we added our explicit seal of approval at 24 Md. App. 460, "We believe this to be the majority view in other jurisdictions. . . . It is also in accord with the decisions of this State."

Judge Orth's conclusion in *Moats v. Schoch* was clear that although a joint or mutual will may be revoked, notwithstanding a provision barring such revocation, and a subsequent will must be admitted to probate, the contractual obligation will nonetheless be enforced. As he said for this Court, at 24 Md. App. 465:

> "Such a will, however, may be revoked in a manner provided by Estates & Trusts Art. § 4-105, and a subsequent will, validly executed, and which is the last will of the testator, shall be admitted to probate. But, the contract upon which the prior will was executed, upon proof of its validity, may be specifically enforced in equity, or damages recovered upon it at law. See P. Sykes, *Maryland Probate Law and Practice*, § 12 (1956)."

The appellant denies the existence of a valid underlying contract in which he agrees to waive his right to revoke this will. As in other contract cases, the person seeking to establish the existence of the contract has the burden of proving it, *Moats v. Estate of Pumphrey, supra,* by establishing all of the requisite elements of the contract by clear and convincing evidence. P. Sykes, *Maryland Probate Law & Practice,* § 1051 (1956). The law in this area is not uniform throughout the country. Maryland has adopted the view that the mere existence of a joint will will not, without more, raise the inference of the existence of an underlying contract, *Moats v. Estate of Pumphrey, supra; Persson v. Dukes,* 33 Md. App. 214 (1976); *aff'd* 280 Md. 194 (1977).

The question of the existence of a contract comes down to the existence of sufficient consideration to support this contract. Although this will is under seal, which imports consideration to it, under modern law, a court of equity may inquire into the sufficiency of such consideration. *Russ v. Barnes,* 23 Md. App. 691 (1974). There appears to be sufficient evidence to support a finding of the presence of valuable consideration in this case. Generally, consideration is said to be adequate where the parties agree to the surrender or

acquisition of any legal right or to do that which the party is not legally obliged or refrain from doing that which he has a legal right to do. *Ledingham v. Bayless,* 218 Md. 108 (1958); *Hercules Powder Co. v. Harry T. Campbell Sons Co.,* 156 Md. 346 (1929). Generally, the mutual promises of a husband and wife may be sufficient consideration to agree to execute a joint will. *Crofut v. Layton,* 68 Conn. 91, 35 A. 783 (1896); *Johnson v. Soden,* 152 Kan. 284, 103 P. 2d 812 (1940); 169 A.L.R. 9, 31 (1947). As stated in 169 A.L.R. 9, 31, "consideration for a husband and wife agreement to execute wills with reciprocal bequests and third party bequests may be found in the inducement held out by one and the other to testate mutually and the reciprocal bequests."

Our present will provides for mutual bequests and third party bequests. It states that the parties make both the reciprocal and third party bequests in consideration for the agreement to waive the right to change this will. Were the reciprocal bequests the only promise on one side, it could be said that this was a preexisting obligation and could not be consideration. However, the will expressly states that the waiver is made in exchange for the agreement to make the other bequests as well. There is no legal obligation to do this. Therefore, the exchange of the promises made by the parties was sufficient consideration for the contract.

This case presents us with a valid contract which was the basis for the making of a joint will. Although the will may be revoked at any time in a manner specified by law, the appellant may not avoid his contractual obligations by doing so. *Persson v. Dukes,* 280 Md. 194 (1977); Anno. 85 ALR3d 8; *See also,* 97 CJS, *Wills* § 1364.

In his petition for declaratory relief, the appellant sought a declaratory judgment to the effect that the joint will in question was invalid under the laws of Maryland. Such, however, is not the case. The appellant further sought a declaratory judgment that there was no consideration to support the finding of an underlying contract. Such, however, was not the case. The appellant finally sought declaratory judgment to the effect that he might revoke the joint will at

74

his pleasure. Literally, he may in a purely testamentary context. He may not, however, thereby avoid the perils of breaching his contractual obligation.

> *Judgment affirmed; costs to be paid by appellant.*