NOT DESIGNATED FOR PUBLICATION

No. 127,828

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK N. SHORTT,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed November 14, 2025. Affirmed.

*Michelle A. Davis*, Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.

PER CURIAM: After pleading guilty to two counts of indecent liberties with a child, Patrick N. Shortt appeals the district court's assessment of two Children's Advocacy Center fees. He argues that he should have been ordered to pay only one fee. Finding no error, we affirm.

1

The State charged Shortt with five counts of aggravated indecent liberties with a child and one count of contributing to a child's misconduct. After plea negotiations, Shortt pleaded guilty to two counts of indecent liberties with a child. The plea agreement included that the State would ask the district court to order a Children's Advocacy fee of $400 per offense under K.S.A. 20-370.

The district court accepted Shortt's plea and sentenced him to 324 months' imprisonment. The district court ordered Shortt to pay an $800 Children's Advocacy fee, as requested by the State.

Shortt timely appeals.

## *The District Court Did Not Err by Ordering Two Children's Advocacy Fees*

Shortt challenges solely the district court's imposition of two Children's Advocacy fees, claiming that under K.S.A. 20-370(a), the district court can order only one $400 fee. We disagree.

### *Preservation*

Shortt did not object to the fees in the district court. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). There are several exceptions, however, to this rule, and Shortt argues one of them—that the question here presents only a question of law arising on proved or admitted facts and is finally determinative of the case. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Still, the decision to review an unpreserved claim under an exception is prudential, so even if an exception applies, we are not obligated to review the claim. *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021). In *State v.*

*McDuffie*, No. 113,987, 2017 WL 2617648, at *16 (Kan. App. 2017) (unpublished opinion), this court elected to consider this issue despite a lack of preservation. Although we need not proceed in the same way, the State does not contest our consideration of this issue on its merits, so we will consider the merits of Shortt's claim.

*Standard of Review*

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022).

When we find no ambiguity, we need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *State v. Betts*, 316 Kan. 191, 198, 514 P.3d 341 (2022).

*Discussion*

K.S.A. 20-370(a) states that "any defendant convicted of a crime . . . in which a minor is a victim, shall pay an assessment fee in the amount of $400 to the clerk of the district court." Shortt was assessed a fee totaling $800 for his two convictions.

Shortt addresses only the analysis provided in *McDuffie*, 2017 WL 2617648, *17-21, arguing it was wrongly decided. The State relies on *McDuffie* and *State v. Sanders*, 65 Kan. App. 2d 236, 563 P.3d 234 (2025). When this court decided *Sanders*, *McDuffie* was the only Kansas appellate court that had interpreted K.S.A. 20-370. See *Sanders*, 65 Kan.

3

App. 2d at 261. In both cases, this court affirmed the district courts' fee assessment, finding separate fees were appropriately assessed for each crime committed against a minor child. Yet they relied on different reasoning. See *Sanders*, 65 Kan. App. 2d at 264; *McDuffie*, 2017 WL 2617648, at *19.

*McDuffie* found the statutory language ambiguous because it could be read two ways: (1) as creating a "one-to-one ratio, where defendants convicted of one crime against a minor are required to pay one fee, but defendants convicted of multiple crimes against minors are required to pay the number of fees equal to the crimes committed against minors"; or (2) "as requiring a defendant convicted of any unspecified number of crimes against minors to pay just one assessment fee." 2017 WL 2617648, at *19. *McDuffie* thus turned to legislative history to resolve the ambiguity. *McDuffie* then held that the Legislature "intended to create a one-to-one crime-to-fee ratio requiring defendants to pay a CACF assessment fee for each crime they are convicted of committing against a minor." 2017 WL 2617648, at *19.

Unlike *McDuffie*, *Sanders* based its conclusion on the plain language of the statute. Still, noting that the statute requires a defendant to pay for "'a crime'"—a singular event— *Sanders* likewise held that K.S.A. 20-370(a) requires payment of an assessment fee for each crime committed against a minor. *Sanders*, 65 Kan. App. 2d at 264.

At least two other panels have since considered the issue and the analyses in *McDuffie* and *Sanders*. Both agreed that K.S.A. 20-370(a) requires the court to assess a fee for each crime committed against a child. See *State v. Jones*, No. 127,293, 2025 WL 2741851, at *15-18 (Kan. App. 2025) (unpublished opinion); *State v. Mildfelt*, No. 126,968, 2025 WL 2815647, at *3-4 (Kan. App. 2025) (unpublished opinion).

Shortt challenges the interpretation in *McDuffie* but does not address *Sanders* or these other cases. We do not read K.S.A. 20-370(a) as requiring anything other than what

4

this court has repeatedly found—that a fee is required for each qualifying offense. We thus affirm the district court's order.

Before concluding, we acknowledge Shortt's final argument that in some cases, a defendant could face a mandatory assessment of excessively high fees. As an example, he cites *State v. Hachmeister*, 306 Kan. 630, 631, 395 P.3d 833 (2017), where a jury convicted the defendant of 105 counts of sexual exploitation of a child for possession of individual images of child pornography. Although multiple fees could arguably become excessive in some cases, Shortt's case is not one of them, so we do not review that matter here. See *Baker v. Hayden*, 313 Kan. 667, 672, 490 P.3d 1164 (2021) (courts do not give advisory opinions).

Affirmed.